IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL ACTION NO. H-15-123-2 |
| TIRSO ESTEBAN-BRAVO | § § | |

MEMORANDUM OPINION AND ORDER

Defendant, a federal prisoner proceeding pro se, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(C)(1)(A). (Docket Entry No. 120.)

Having considered the motion, the record, matters of public record, and the applicable law, the Court DENIES the motion for compassionate release, as explained below.

Background

Defendant is a 48-year-old male prisoner who reports he is currently confined at the Bureau of Prisons ("BOP") Beaumont Low FCI in Beaumont, Texas. On February 4, 2016, a jury found defendant guilty of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(viii); and of illegal re-entry by a previously deported alien after a felony conviction, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). The Court sentenced him to 172 months' incarceration on May 19, 2016, followed by a five-year term of supervised

release. BOP records indicate that his projected release date is May 1, 2027. Defendant has currently served approximately 35% of the sentence imposed by this Court.

As extraordinary and compelling reasons for a compassionate release, defendant states that he suffers from PTSD and has a metal plate surgically implanted in his neck. Defendant argues that these conditions create an "enormously High Susceptibility Risk to COVID-19." Id., p. 2. Defendant states that he has recovered from an earlier COVID-19 infection, but fears that he could "contract the deadly disease again." Id.

Defendant asks the Court to grant his motion, reduce his sentence to time served, and release him from prison so he may return home.

## Legal Standards

Defendant brings his motion for a sentence reduction and compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances. Under the current version of the statute, a motion may be made by either the Director of the BOP or by a prisoner after the prisoner has fully exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A).

Compassionate release under section 3582(c)(1)(A) authorizes a court to modify a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction," and that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §§ 3582(c)(1)(A), (A)(i). Sentencing Guideline section 1B1.13(2) authorizes a sentence reduction only if the

defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."

The Sentencing Commission has addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. See U.S.S.G. § 1B1.13.[1] The relevant policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction, based on terminal medical conditions, age, family circumstances, and "other reasons." U.S.S.G. § 1B1.13, Application Note 1. However, the court's reference to the Guidelines is only one step in its own determination of whether extraordinary and compelling reasons warrant a reduction of a defendant's sentence. The court is free to determine whether a defendant's particular medical condition constitutes extraordinary and compelling reasons for a compassionate release. See United States v. Gonzalez, 819 F. App'x 283, 284 (5th Cir. Sept. 4, 2020); United States v. Hernandez, 645 F.3d 709, 712 (5th Cir. 2011) ("[T]he decision whether to ultimately grant a modification is left to the sound discretion of the trial court."). A defendant in a motion brought under section 3582(c)(1)(A) has the burden to establish that relief is warranted in his case.

---

[1] The Fifth Circuit Court of Appeals has not determined whether Sentencing Guideline § 1B1.13 applies to motions for compassionate release, and recognizes that there is a split of authority as to the issue. See, e.g., United States v. Gowdy, 832 F. App'x 325, 327 (5th Cir. Dec. 28, 2020).

The court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The court must base its decision on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a). The policy statement recognizes that the sentencing court "is in a unique position to determine whether the circumstances warrant a reduction . . . after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement[.]" U.S.S.G. § 1B1.13 cmt. 4.

Thus, a defendant may be eligible for compassionate release under section 3582(c)(1)(A) if the court finds "extraordinary and compelling reasons" to warrant a sentence reduction, the defendant is found not to pose a risk of danger to the community, and a sentence reduction is consistent with United States Sentence Commission policy statements.

Analysis

Exhaustion

Defendant states in his motion that he sent a request for a compassionate release to the warden of his facility on July 18, 2020, and that he received no reply. A copy of his request is attached to his motion.

The Court accepts defendant's allegation that he exhausted his administrative remedies prior to filing the pending motion.

Extraordinary and Compelling Reasons

Defendant asserts entitlement to a compassionate release based on his "long-term PTSD" and a metal plate surgically implanted in his neck following a work-related accident sixteen years ago. However, defendant does not present any medical records establishing that he has been diagnosed with PTSD. During his 2016 PSR interview in his underlying criminal prosecution, defendant reported having undiagnosed anxiety; there was no mention of PTSD. Regardless, the Centers for Disease Control and Prevention ("CDC") has not recognized individuals with PTSD or surgically-implanted metal plates as having an elevated risk of death or serious injury as to COVID-19. Defendant does not show that he has an elevated risk for death or serious injury should he contract COVID-19, or that his ability for self-care has been impaired. Nor does he show that, because he had COVID-19 and recovered, he has an elevated risk for contracting COVID-19 a second time. The Fifth Circuit has held that fear of COVID-19, standing alone, does not warrant

compassionate release. See United States v. Thompson, 984 F.3d 431, 435 (5th Cir. 2021).

Beaumont Low FCI currently reports having four prisoners with positive COVID-19 test results. A total of 1,112 prisoners have recovered from COVID-19 infections at the facility, with one reported inmate death.[2] Although defendant expresses legitimate and common concerns regarding COVID-19, he does not establish that his facility cannot manage an outbreak or that the facility could not treat him if he were to contract the virus. It appears from the BOP's online statistics that Beaumont Low FCI is handling the pandemic appropriately. Moreover, the BOP reports that it is working with the CDC and the federal government's COVID-19 Vaccine/Therapeutics Operation to ensure the BOP remains prepared to receive and administer the COVID-19 vaccine as it is made available. The BOP has received 107,675 doses and administered 106,106 doses of the COVID-19 vaccine as of March 31, 2021.[3] Defendant does not establish that his current confinement creates an elevated risk of death or serious injury as to COVID-19.

Defendant further claims entitlement to release from prison because he is "actually innocent" of the charges for which the jury found him guilty in 2016. Defendant did not appeal his conviction, nor did he challenge the factual validity of his conviction and

---

[2] See https://www.bop.gov/coronavirus/ (accessed on March 31, 2021).

[3] See https://www.bop.gov/coronavirus/ "COVID-19 Vaccine Implementation" (accessed on March 31, 2021).

sentence through collateral review. Defendant's conclusory challenges to the validity of his underlying conviction do not constitute extraordinary and compelling reasons for a compassionate release.

No extraordinary and compelling reasons for a compassionate release are shown by defendant's factual circumstances. Nevertheless, the Court will address the additional factors under 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a), below.

Danger to the Community

The Court does not find that defendant would remain a danger to the community if released from incarceration at this time.

Sentencing Factors

Even if defendant were to establish extraordinary and compelling reasons for a compassionate release, he has served only 35% of the sentence imposed by this Court. Reducing his sentence to time served would not promote respect for the law, provide just punishment, or afford adequate deterrence. See United States v. Thompson, 984 F.3d 431, 2021 WL 37493, at *3 (5th Cir. 2021) (noting that compassionate release is generally granted only for defendants "who had already served the lion's share of their sentences").

Conclusion

For these reasons, defendant's motion for compassionate release (Docket Entry No. 120) is DENIED.

Signed at Houston, Texas, on April __16__, 2021.

_____
Gray H. Miller
Senior United States District Judge